UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| EDNA COTTRELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:05-cv-1-RLY-WGH |
| | ) | |
| NORFOLK SOUTHERN RAILWAY CO., | ) | |
| | ) | |
| Defendant. | ) | |

# ENTRY ON DEFENDANT'S MOTION
# FOR SUMMARY JUDGMENT

## I.   Introduction

This matter is before the court on Defendant's Motion for Summary Judgment filed January 22, 2007.

## II.   Background

This lawsuit stems from an automobile accident. On June 24, 2004, the Plaintiff, Edna Cottrell, was operating a 1993 Ford Taurus and driving northeast on Hart Street in Princeton, Indiana. (Complaint ¶ 1). As Plaintiff was traveling on Hart Street, she crossed a CSX Transportation, Inc. ("CSXT") railroad crossing and was struck by a southbound train operated by CSXT. (*Id*.)

In the area of the CSXT railroad crossing, Hart Street runs in northeast and southwest directions, intersecting three (3) north/south railroad tracks. (Declaration of Raymond Brach ("Brach Decl.") ¶ 6). CSXT owns the railroad right-of-way at this location.

(Deposition of Chris Dashner ("Dashner Dep.") at 20).[1] At the Hart Street crossing and for at least 1,500 feet north, the railroad right-of-way extends 30 feet west of the centerline of the middle track. (Declaration of Chris Dashner ("Dashner Decl.") ¶ 7; *see also* Dashner Dep. at 24).

On the day of the accident, a row of stacked wooden railroad ties was located near the west side of the railroad right-of-way. (Dashner Decl. ¶ 8; Brach Decl. ¶ 7). The railroad ties were the property of the Defendant, Norfolk Southern Railway Co. ("Norfolk Southern"). (Affidavit of Stephan M. Neese ¶ 6; Deposition of Victoria Schopp at 87-88). No part of this row of stacked wooden ties was located on the railroad right-of-way. (Dashner Decl. ¶ 8). The easternmost edge of the row of stacked ties was 32.9 feet from the centerline of the middle track at the north end of the ties, and 33.8 feet from the centerline of the middle track at the south end; at no point was the edge of the stacked ties less than 30 feet from the centerline of the middle track. (Brach Decl. ¶ 8).

A land survey conducted by a registered land surveyor establishes that TMI, Inc., owned the property that abuts the west side of the railroad right-of-way 30 feet west of the centerline of the middle track. (Declaration of Ronald Morrison ("Morrison Decl.") ¶¶ 6-8). The row of stacked wooden ties was located entirely on property that belonged to TMI, Inc. (*Id*. ¶ 10). No part of the row of stacked wooden ties was located on property that belonged to any railroad company, nor did the warranty deed for TMI, Inc.'s property contain any

---

[1]The middle track is the CSXT main line on which the CSXT train that struck Plaintiff was traveling, and the east track is a CSXT interchange track on which CSXT and Norfolk Southern Railway interchange rail cars. (Dashner Dep. at 20-21). The west track belongs to the Defendant, Norfolk Southern, which shares CSXT's right-of-way through Princeton. (*Id*. at 20).

exclusion or easement for railroad use. (*Id.* ¶¶ 9-10).

Plaintiff states that the presence of the stacked ties to her left, in the northwest quadrant of the intersection, was the only reason she did not see (and yield to) the southbound train that struck her northeast-bound automobile. (Deposition of Edna Cottrell ("Cottrell Dep.") at 44, 62, 85). Plaintiff states that the presence of the stacked ties to her left is the only reason she holds the railroad responsible for her accident. (Cottrell Dep. at 82-84).

Plaintiff initially filed suit against CSXT alleging that CSXT negligently failed to remove the railroad ties in violation of Indiana Code § 8-6-7.6-1(a). On December 7, 2005, the court entered an order granting summary judgment in favor of CSXT, as the railroad ties were not located on the right-of-way. Plaintiff amended her Complaint alleging that the railroad ties were the property of Norfolk Southern and again alleging negligence for causing an obstruction in violation of Indiana Code § 8-6-7.6-1(a).

Defendant, Norfolk Southern, filed its Motion for Summary Judgment arguing that the railroad ties were not located on the right-of-way and that it was, therefore, entitled to judgment as a matter of law. For the following reasons, the court agrees and now **GRANTS** Defendant's Motion for Summary Judgment.

### III. Legal Standard

Summary judgment must be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c). The motion should be granted so long as no rational fact

finder could return a verdict in favor of the nonmoving party. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). Thus, a court's ruling on a motion for summary judgment is akin to that of a directed verdict, as the question essentially for the court in both is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52. When ruling on the motion, the court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences therefrom in that party's favor. *Id.* at 255. If the nonmoving party bears the burden of proof on an issue at trial, that party "must set forth specific facts showing that there is a genuine issue for trial." FED.R.CIV.P. 56(e); *see also Silk v. City of Chicago,* 194 F.3d 788, 798 (7th Cir. 1999). Lastly, the moving party need not positively disprove the nonmovant's case; rather, it may prevail by establishing the lack of evidentiary support for that case. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986).

**IV.   Analysis**

Plaintiff brought this suit alleging that Defendant negligently failed to remove railroad ties which obstructed her view of an oncoming train, causing her vehicle to be struck as it crossed a railroad crossing. In order to prevail in a cause of action sounding in negligence, Plaintiff must prove four elements: (1) a duty on the part of Defendant; (2) a breach of that duty; (3) causation; and (4) damages. *See Merrill v. Knauf Fiber Glass GmbH*, 771 N.E.2d 1258, 1264 (Ind.Ct.App. 2002). Here, the duty imposed upon Defendant is a statutory duty. Indiana Code § 8-6-7.6-1(a) provides that:

> Except as provided in subsection (b) or in a rule adopted by the Indiana department of transportation, each railroad in the State of Indiana shall

> maintain each public crossing under its control in such a manner that the operator of any licensed motor vehicle has an unobstructed view for fifteen hundred (1500) feet in both directions along the railroad right-of-way subject only to terrain elevations or depressions, track curvature, or permanent improvements. However, the Indiana department of transportation may adopt rules under IC 4-22-2 to adjust the distance of the unobstructed view requirement under this subsection based on variances in train speeds, number of tracks, angles of highway and rail crossing intersections, elevations, and other factors consistent with accepted engineering practices.

IND. CODE § 8-6-7.6-1(a). The Seventh Circuit in *Menke* explained that the Indiana legislature, in enacting section 8-6-7.6-1(a), "intended to obligate the railroads to remove (subject to certain exceptions) *all foliage and obstructions on the right of way* which might impair a motorist's view of an oncoming train." *Menke v. Southern Railway Co.,* 603 F.2d 1281, 1284 (7th Cir. 1979)(emphasis added).

Plaintiff has not alleged that anything else beyond Indiana Code § 8-6-7.6-1(a) conferred any duty on Defendant. Instead, Plaintiff argues that the location of the railroad ties is of no consequence. Plaintiff argues that the ties were the property of Norfolk Southern, that they obstructed her view, and that Defendant should be liable.[2] However, section 8-6-7.6-1(a) and *Menke* make it clear that the location of the obstruction is crucial. Section 8-6-7.6-1(a) only imposes a duty to remove obstructions on the right-of-way, and nowhere else. Because the railroad ties were not located "on the right of way," there is no liability under section 8-6-7.6-1(a).

If Plaintiff intended to plead a cause of action that has some other legal basis beyond

---

[2] Plaintiff also argues that the railroad ties were located on property where an easement for a railroad siding was formerly located. (Plaintiff's Brief in Response to Defendant's Motion for Summary Judgment at Ex. C). However, Plaintiff has provided no evidence to dispute the court's earlier ruling that the railroad ties were not located on the railroad right-of-way.

section 8-6-7.6-1(a), she is directed, under Federal Rule of Civil Procedure 12(e), to do so by amending her Complaint, making a more definite statement of the basis of her claim, not later than ten days from the date of this entry.

## V. Conclusion

For the reasons outlined above, Defendant's Motion for Summary Judgment is **GRANTED.** Plaintiff's claim arising under Indiana Code § 8-6-7.6-1(a) is **DISMISSED.** Plaintiff shall have to and including May 11, 2007, within which to amend her Complaint to make a more definite statement of this cause of action.

**SO ORDERED.**

Dated: April 27, 2007.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Electronic copies to:

George Clifford Barnett Jr.
BARNETT LLC
gb@gbdblaw.com

Douglas K. Briody
BARNETT LLC
db@gbdblaw.com

John C. Duffey
STUART & BRANIGIN LLP
jcd@stuartlaw.com

Jeffrey L. Hansford
BOEHL STOPHER & GRAVES, LLP
jhansford@bsg-in.com

David A. Locke
STUART & BRANIGIN LLP
dal@stuartlaw.com

Frederick M. Reinecke
BOEHL STOPHER & GRAVES, LLP
reinecke@bsg-in.com

Jack N. VanStone
VANSTONE & KORNBLUM
vanstone@evansville.net